## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>               Debtors. | Chapter 11<br><br>Bankr. Case No. 23-11069 (CTG) |
| WILLIAM G. COUGHLEN, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>YELLOW CORPORATION, YRC INC. (d/b/a YRC FREIGHT), USF HOLLAND LLC, NEW PENN MOTOR EXPRESS LLC, YELLOW LOGISTICS, INC. and USF REDDAWAY INC.,<br><br>               Defendants. | Adv. Proc. No. _____ |

**CLASS ACTION ADVERSARY COMPLAINT FOR (1) VIOLATION OF FEDERAL WARN ACT 29 U.S.C. § 2101, *ET SEQ.*, (2) BREACH OF CONTRACT, (3) UNJUST ENRICHMENT, (4) DECLARATORY RELIEF, (5) VIOLATION OF CALIFORNIA LABOR CODE §1400 *ET. SEQ.*, (6) VIOLATION OF CALIFORNIA LABOR CODE § 201 *ET. SEQ.*, (7) VIOLATION OF NORTH CAROLINA WAGE AND HOUR ACT §§ 95-25.1 *ET SEQ.*, (8) VIOLATION OF NEW YORK WARN ACT, NYLL §860 *ET. SEQ.*, and (9) VIOLATION OF NEW JERSEY MILLVILLE DALLAS AIRMOTIVE PLANT JOB LOSS NOTIFICATION ACT**

---

[1] The Debtors and their bankruptcy case numbers are: Yellow Corporation, Case No. 23-11069; 1105481 Ontario Inc., Case No. 23-11070; Express Lane Service, Inc., Case No. 23-11071; New Penn Motor Express LLC, Case No. 23-11072; Roadway Express International, Inc., Case No. 23-11073; Roadway LLC, Case No. 23-11074; Roadway Next Day Corporation, Case No. 23-11075; USF Bestway Inc., Case No. 23-11076; USF Dugan Inc., Case No. 23- 11077; USF Holland International Sales Corporation, Case No. 23-11078; USF Holland LLC, Case No. 23-11079; USF RedStar LLC, Case No. 23-11080; USF Reddaway Inc., Case No. 23-11081; Yellow Freight Corporation, Case No. 23-11082; Yellow Logistics, Inc., Case No. 23-11083; YRC Association Solutions, Inc., Case No. 23-11084; YRC Enterprise Services, Inc., Case No. 23-11085; YRC Freight Canada Company, Case No. 23-11086; YRC Inc., Case No. 23-11087; YRC International Investments, Inc., Case No. 23-11088; YRC Logistics Inc., Case No. 23- 11089; YRC Logistics Services, Inc., Case No. 23-11090; YRC Mortgages, LLC, Case No. 23-11091; and YRC Regional Transportation, Inc., Case No. 23-11092.

Plaintiffs WILLIAM G. COUGHLEN, IAN A. JIMENEZ, BRIAN DODDERER, ERIC LARSON, and ROBERT KROLCZYK, (collectively, "Plaintiffs")[2] bring this Class Action Adversary Proceeding Complaint on behalf of themselves and a putative class of similarly situated former employees of Defendants YELLOW CORPORATION, YRC INC. (d/b/a YRC FREIGHT, USF HOLLAND LLC, NEW PENN MOTOR EXPRESS LLC, YELLOW LOGISTICS, INC. and USF REDDAWAY INC. (collectively, "Defendants" or "Yellow" or "Debtors"), stating grounds as follows:

## PARTIES

1.      Plaintiff WILLIAM G. COUGHLEN is an adult resident citizen of Mississippi and was an employee of Defendants until terminated without notice on July 28, 2023.

2.      Plaintiff IAN A. JIMENEZ is an adult resident citizen of California and was an employee of Defendants until terminated without notice on July 28, 2023.

3.      Plaintiff BRIAN DODDERER is an adult resident citizen of North Carolina and was an employee of Defendants until terminated without notice on July 28, 2023.

4.      Plaintiff ERIC LARSON is an adult resident citizen of New Jersey and was an employee of Defendants until terminated without notice on July 28, 2023.

5.      Plaintiff ROBERT KROLCZYK is an adult resident citizen of New York and was an employee of Defendants until terminated without notice on July 28, 2023.

6.      Each Plaintiff has filed or anticipates filing individual proofs of claim (the "Individual Proofs of Claim") in the Debtors' respective chapter 7 cases (the "Chapter 7 Cases") and one or more class proofs of claims (the "Class Proofs of Claim") in such Chapter 7 Cases for

---

[2] Hearn Law Firm PLLC has been individually retained by more than five hundred (500) former employees of Defendants.

which the class representative(s) will duly seek leave under Rule 7023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as customarily permitted in bankruptcy proceedings. Such proofs of claim will seek priority under section 507(a)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended (the "Bankruptcy Code") for some or all of the amounts sought by such claims.

7.      At no time prior to July 28, 2023, did Plaintiffs, or those similarly situated, receive written notice that their employment would be terminated. Plaintiffs were terminated without cause.

8.      Defendant Yellow Corporation ("Yellow") is a publicly traded Delaware corporation.

9.      Defendant YRC Inc. (d/b/a YRC Freight) ("YRC Freight") is a Delaware corporation. YRC Freight is Yellow's legacy operation and largest LTL subsidiary.

10.     Defendant USF Holland LLC ("Holland") is a Delaware limited liability company.

11.     Defendant New Penn Motor Express LLC ("New Penn") is a Delaware limited liability company.

12.     Defendant USF Reddaway Inc. ("Reddaway") is an Oregon corporation.

13.     Upon information and belief, Holland and New Penn are wholly owned subsidiaries of Yellow Corporation. YRC Inc. (d/b/a YRC Freight) is a wholly owned subsidiary of Roadway LLC, which is a wholly owned subsidiary of Yellow Corporation. Reddaway is a wholly owned subsidiary of YRC Regional Transportation, Inc., which is a wholly owned subsidiary of Yellow Corporation.

**VENUE**

14.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5); and the Amended Standing Order of Reference of the United States District Court for the District of Delaware Dated February 29, 2012.

15.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). Pursuant to Fed. R. Bankr. P. 7012(b) and Del. Bankr. L.R. 7012-1, Plaintiffs do consent to entry of final orders or judgment by the bankruptcy court.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

**FACTUAL BACKGROUND**

16.     At all relevant times, Defendant Yellow Corporation, together with certain of its affiliates, including Defendants YRC Inc. (d/b/a YRC Freight), USF Holland, USF Reddaway, New Penn Motor Express, YRC Enterprise Services, and Yellow Logistic (collectively "Yellow"), operated a less than truckload business ("LTL") with operations throughout the United States in which carriers ship goods from multiple shippers in single trailers.  Upon information and belief, until its abrupt shutdown on July 28, 2023, Defendants operated more than 80 freight terminals and 200 other locations throughout the United States while employing over 30,000 employees.

17.     On or about July 28, 2023, Plaintiffs were notified of their terminations.  Plaintiffs' last day of employment was July 28, 2023, along with approximately 30,000 other employees of Defendants who worked at, reported to, or received assignments from the Defendants' facilities throughout the United States (collectively, the "Facilities"), all without 60 days' advance written notice

18.     At all relevant times, Defendants employed 100 or more employees, exclusive of

part-time employees, (i.e., those employees who had worked few than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the ninety (90) day period prior to the date notice was required to be given), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

24.     These terminations resulted in the loss of employment that is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, it is estimated at about 288 individuals. On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

25.     These terminations resulted in the loss of employment for more than 30,000 employees.

## CLASS ACTION ALLEGATIONS

26.     Plaintiffs bring this representative action pursuant to 29 U.S.C. § 2104(a)(5), suing for themselves and all other similarly situated former employees.

27.     Plaintiffs bring this claim for relief for violation of 29 U.S.C. § 2101 *et seq*., individually and on behalf of all other similarly situated former employees, pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure ("Rule 23"), who worked at, received assignments from, or reported to the one more of the Debtors' Facilities (as that term is defined by 29 U.S.C. § 210l(a)(2)), who were terminated without cause beginning on July 28, 2023, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closings ordered by Defendants during the period beginning July 28, 2023, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

28.     The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated at about 30,000 individuals. On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

29.     On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members are contained in Defendants' books and records.

30.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each of the WARN Class Members at the time of his/her termination are contained in the books and records of Defendants.

31.     Common questions of law and facts exist as to the WARN Class Members, including, but not limited to, the following:

        a.      whether the WARN Class Members were employees of Defendants who worked at, received assignments from, or reported to the one or more of the Defendants' Facilities;

        b.      whether Defendants unlawfully terminated the employment of the WARN Class Members without cause on their part and without giving them 60 days advanced written notice in violation of the WARN Act;

        c.      whether Defendants unlawfully failed to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act; and

        d.      whether Defendants, as a single employer, violated the WARN Act.

32.     Adequacy—Rule 23(a)(4); Rule 23(g)(1). Plaintiffs will fairly and adequately represent and protect the interests of the WARN Class, have no interest incompatible with the interests of the WARN Class, and have retained counsel competent and experienced in such class action litigation.

33.     Superiority—Rule 23(b)(3). This case is best suited as a class action because individual litigation of each WARN Class Members' claim would be impracticable and unduly burdensome on the Court.  Because of the size of each individual WARN Class Members' claim, no WARN Class Member could afford to seek legal redress for the wrongs identified in the Complaint.  A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

34.     Plaintiffs' claims are typical of those of the WARN Class.  Plaintiffs, like other WARN Class Members, worked at, received assignments from, or reported to one or more of the Defendants' Facilities and were terminated without cause during the period beginning July 28, 2023, due to the mass layoff and/or plant closings ordered by Defendants.

35.     At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Defendants decided to order a mass layoffs or plant closings at one or more of the Defendants' Facilities.

36.     Plaintiffs will fairly and adequately protect the interests of the WARN Class Members. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and other employment litigation.

37.     Class certification of these claims is appropriate under Rule 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only

individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual WARN Class Members are small compared to the expense and burden of individual prosecution of this litigation.

38.     Leave to file the Class Proofs of Claim in application of Bankruptcy Rule 7023 is customarily granted to WARN Act creditors of bankrupt employers who would satisfy Rule 23, and Plaintiffs will in due course file a motion for leave under Bankruptcy Rule 7023 to file the Class Proofs of Claim demonstrating their compliance with the standards this Court a customarily applies to Bankruptcy Rule 7023 leave for WARN Act class claims.

39.     Concentrating all the potential litigation concerning the WARN Class Members in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the rights of the WARN Class Members.

40.      The relief sought in this proceeding is equitable.

41.     Plaintiffs intend to send notice to all WARN Class Members to the extent required by Rule 23, and to the extent such noticing requirements are adopted by this Court for the Chapter 7 Cases.

42.     **For the avoidance of doubt**, individual Plaintiffs intend to file and maintain, Individual Proofs of Claim under the WARN Act notwithstanding the disposition of this Complaint or the intended Class Proofs of Claim, reserving their right to opt out of any proposed disposition

of this Adversary Action or Class Proofs of Claim, or of adversary actions or class proofs of claim filed by other terminated employees.

## VIOLATION OF FEDERAL WARN ACT 29 U.S.C. § 2104 *ET SEQ*.

43.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

44.     At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

45.     At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until they decided to order mass layoffs or plant closings at one or more of the Defendants' Facilities.

46.     At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

47.     During the 30-day period beginning July 28, 2023, Defendants ordered mass layoffs or plant closings at one or more of the Defendants' Facilities

48.     The mass layoffs or plant closings at one or more of the Defendants' Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent of Defendants' workforce at one or more of the Defendants' Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

49.     Plaintiffs and the WARN Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at one or more of the Defendants' Facilities.

50.     Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

51.     Defendants were required by the WARN Act to give Plaintiffs and the WARN Class Members at least 60 days advance written notice of their terminations.

52.     Defendants failed to give Plaintiffs and the WARN Class Members written notice that complied with the requirements of the WARN Act.

53.     Plaintiffs and each of the WARN Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

54.     Defendants failed to pay Plaintiffs and each of the WARN Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued paid time off for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

55.     The above violations properly give rise to unsecured claims in the Chapter 7 Cases of the Defendants, some or all of the claimed amounts of which will be entitled to priority under section 507(a)(4) of the Bankruptcy Code.

## UNJUST ENRICHMENT

56.     Plaintiffs incorporate by reference the allegations set forth above as if set forth fully herein.

57.     Plaintiffs and class members worked for Defendants in exchange for wages and accrued paid time off (PTO).

58.     Defendants failed to pay Plaintiffs and class members their final weeks of wages and for accrued paid time off (PTO).

10

59.     Defendants were unjustly enriched to Plaintiffs and class members' detriment as Defendants benefitted directly from Plaintiffs and class members' time and labor.

## DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201-02

60.     Plaintiffs incorporate by reference all the allegations set forth above as if set forth fully herein.

61.     An actual controversy of sufficient immediacy exists between the parties as to the concern by Plaintiffs that Defendants should be prohibited from circumventing the requirements of the WARN Act by conducting mass layoffs without providing the required notice and by soliciting the employees it is laying off to sign separation agreements that release their claims under the WARN Act, without first informing them of this lawsuit or their rights under those statues. Plaintiffs seek a declaratory judgment and an injunction prohibiting Defendants from engaging in such conduct.

## VIOLATION OF CALIFORNIA LABOR CODE § 1401 (as to the California Class)

62.     Plaintiffs incorporate by reference all the allegations set forth above as if set forth fully herein.

63.     Plaintiffs bring the Claim for Relief for violation of Labor Code § 1401 on behalf of themselves and a class of similarly situated persons pursuant to Lab. Code § 1404 and Federal Rules of Civil Procedure 23(a) and (b), who worked at, reported to, or received assignments from the Facilities and were terminated without cause on or about July 28, 2023 and within 30 days of that date (the "CAL-WARN Class").

64.     Defendants were "employers" pursuant to Lab. Code § 1400(b).

65.     Defendants violated CAL-WARN by terminating Plaintiffs' employment and the

employment of other similarly situated employees pursuant to a "mass layoff," "relocation" or "termination" as defined in Lab. Code § 1400 on or about July 28, 2023 or thereafter, without giving written notice at least 60 days before the order took effect to: (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

66.     As a result of Defendants' violation of Lab. Code § 1401, Plaintiffs and the other similarly situated employees are entitled to 60 days of back pay under Lab. Code § 1402(a-b).

67.     Plaintiffs have incurred attorneys' fees in prosecuting this action and is entitled to an award of attorneys' fees under Cal. Lab. Code § 1404.

**<u>VIOLATION OF CALIFORNIA LABOR CODE § 201 *ET. SEQ*. (as to the California Class)</u>**

68.     Plaintiffs incorporate by reference all the allegations set forth above as if set forth fully herein.

69.     Plaintiffs seek to recover under California state laws for Defendants' failure to pay wages owed for their final week of work, unused paid time off, and to issue a final paystub, and waiting time penalties, for themselves and the other similarly situated employees who worked in California. 70. Pursuant to Cal. Lab. Code §§ 201 and 227.3, upon the discharge of Plaintiffs and the other similarly situated former employees on July 28, 2023, their earned and unpaid wages, including unused vacation pay, became due and payable immediately.

70.     In violation of Cal. Lab. Code § 203, Defendants failed to issue to Plaintiffs and the other similarly situated former employees their final paychecks, in full and itemized statements,

upon discharging them from their employment on July 28, 2023.

71.     Defendants, as an employer that willfully failed to pay in accordance with Cal. Lab. Code § 201 and 227.3, is liable to Plaintiffs and the other similarly situated former employees waiting time penalties of up to 30 days' wages. Defendants' failure to pay accrued vacation wages upon termination was willful.

72.     Defendants' failure to pay accrued vacation wages upon termination represents a violation of Labor Code sections 201 and 227.3 (and IWC Wage Order 8) and as such those wages continue as a penalty under Labor Code § 203.

73.     Upon information and belief, Defendants exercised control over the workers' wages (including the decision over whether to pay out the vacation wages upon termination), hours, or working conditions, (b) suffered and permitted them to work, and/or (c) engaged them, thereby creating a common law employment relationship.

74.     Defendants were therefore an employer of Plaintiffs and those similarly situated and are liable for all unpaid vacation wages and penalties as an employer.

75.     Plaintiffs will seek to certify a subclass of these similarly situated individuals to the extent necessary.

### **VIOLATION OF NORTH CAROLINA WAGE LAW: §§ 95-25.1 ET SEQ.**

76.     Plaintiffs incorporate by reference all the allegations set forth above as if set forth fully herein.

77.     Under N.C. Gen. Stat. § 95-25.1 et seq. the North Carolina Wage and Hour Act ("NCWHA"), an employer must pay final wages to discharged employees through the regular payroll method used by the employer, unless the employee(s) makes a written request for a live

check to be sent by trackable mail.

78.     Under the NCWHA, employees whose employment is discontinued for any reason must be paid all wages due on or before the next regular payday.

79.     Plaintiffs who worked in Defendants' Facilities in North Carolina and were terminated on July 28, 2023, were to be paid all wages due on July 29, 2023 but were not.

80.     Under the NCWHA, "wage benefits" are benefits such as, but not limited to, vacation pay (including PTO and PDO leave), sick leave, jury duty pay, and holiday pay.

81.     Plaintiffs who worked in Defendants' Facilities in North Carolina were promised vacation pay by Defendants prior to the terminations, pursuant to company policy, practice, or an employment contract.

82.     Upon their terminations, Plaintiffs who worked in Defendants' Facilities in North Carolina, were entitled to payment of unused vacation from Defendants, none of which has been paid.

83.     Due to Defendants' violation of N.C. Gen. Stat. § 95-25.1 et seq., Defendants are liable for civil penalty of up to two hundred fifty dollars ($250.00) per employee with the maximum not to exceed two thousand dollars ($2,000) per *violation.*

84.     Plaintiffs seek to recover unpaid wages and accrued paid time off for all similarly situated employees entitled to such wages and benefits, under the laws of the respective states in which they worked prior to their termination on or about July 28, 2023.

## NEW JERSEY WARN ACT ALLEGATIONS

85.     Plaintiffs incorporate by reference all the allegations set forth above as if set forth fully herein.

86.     Plaintiff Larson ("New Jersey Plaintiffs") brings the New Jersey WARN Act claim for violation of the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act") on behalf of a class of similarly situated persons pursuant to the New Jersey WARN Act and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to the Facilities and were terminated without cause on or about July 28, 2023 (the "New Jersey WARN Class").

87.     The persons in the New Jersey WARN Class identified above ("New Jersey WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

88.     On information and belief, the identity of the members of the class and the recent residence address of each of the New Jersey WARN Class Members is contained in Defendants' books and records.

89.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each New Jersey WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

90.     Common questions of law and fact exist as to members of the New Jersey WARN Class, including, but not limited to, the following:

(a)     whether the members of the New Jersey WARN Class were employees of the Defendants;

(b)     whether Defendants unlawfully terminated the employment of the members of the New Jersey WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the New Jersey WARN Act;

(c)     whether Defendants unlawfully failed to pay the New Jersey WARN Class members severance pay as required by the New Jersey WARN Act; and

(d)      whether Defendants are liable as a single employer to Plaintiffs and the New Jersey WARN Class members.

91.      The New Jersey Plaintiffs' claims are typical of those of the New Jersey WARN Class.  New Jersey Plaintiffs, like the New Jersey WARN Class members, worked at or reported to the Facilities and were terminated on or about July 28, 2023 due to the terminations ordered by Defendants.

92.      The New Jersey Plaintiffs will fairly and adequately protect the interests of the New Jersey WARN Class.  The New Jersey Plaintiffs have retained counsel competent and experienced in complex class actions on behalf of employees, including the New Jersey WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

93.      Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey WARN Class predominate over any questions affecting only individual members of the New Jersey WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of New Jersey WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants, and damages suffered by individual New Jersey WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

94.      Concentrating all the potential litigation concerning the New Jersey WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the New Jersey WARN Act rights of all the members of the Class.

16

95.     New Jersey Plaintiffs intend to send notice to all members of the New Jersey WARN Class to the extent required by Rule 23.

## NEW YORK WARN ACT ALLEGATIONS

96.     Plaintiffs incorporate by reference all the allegations set forth above as if set forth fully herein.

97.     New York Plaintiff Krolczyk ("New York Plaintiffs") brings the for Relief under the New York WARN Act for violation of NYLL § 860 *et seq.*, on behalf of himself and a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendants' Facilities and were terminated without cause beginning on or about July 28, 2023, or who were terminated without cause as the result of the mass layoffs and/or plant closings ordered by Defendants on or about July 28, 2023, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class").

98.     The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

99.     On information and belief, Defendants employed at least 50 employees within New York State as of the time notice was first required to be given.  On information and belief, Defendants terminated at least 25 full-time employees, within 30 of July 28, 2023 from the Facilities in New York.

100.    On information and belief, the identity of the members of the class and the recent

residence address of each of the NY WARN Class Members is contained in the books and records of Defendants.

101.    On information and belief, the rate of pay and benefits that were being paid by Defendants to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

102.    Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

      (a)    whether the members of the NY WARN Class were employees of the Defendants who worked in a covered site of employment of Defendants;

      (b)    whether Defendants, unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act;

      (c)    whether Defendants unlawfully failed to pay the NY WARN Class members 60 days wages and benefits as required by the WARN Acts; and

      (d)    whether Defendants as a single employer violated the WARN Act.

103.    Plaintiff Krolczyk's claims are typical of those of the NY WARN Class.  Plaintiff Krolcyzk, like other NY WARN Class members, worked at or reported to Defendants' New York Facilities and was terminated on or about July 28, 2023, due to the termination at the New York Facilities ordered by Defendants.

104.    Plaintiff Krolcyzk will fairly and adequately protect the interests of the NY WARN Class.  Plaintiff Krolcyzk has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

105.    Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

106.    Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

107.    Plaintiff Krolcyzk intends to send notice to all members of the NY WARN Class to the extent required by Rule 23.

**JURY DEMAND**

108.    Plaintiffs request a trial by jury on these claims.

**PRAYER OF RELIEF**

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray that this Honorable Court grant the following relief:

a.  Declare and find that Defendants violated the WARN Act, 29 U.S.C. § 2101 *et seq.* and the various state law WARN Acts and laws identified herein;

b.  Certify a class action and appoint Plaintiffs and their counsel to represent a class of employees who have worked for Defendants anywhere in the United States and were laid off without required notice, in conjunction with the mass layoff described herein;

c.  Enter declaratory relief and an injunction enjoining Defendants from violating the WARN Act and from seeking releases of claims under the WARN Act without informing employees of the pendency of this lawsuit and their rights under those statutes;

d.  An allowed claim against the Defendants in favor of Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage; continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A), the California Lab. Code § 1402, the New Jersey WARN Act PL. 2007, c.212, C.34:21-6, the NY Lab. L. § 860-G(2), and/or applicable North Carolina law with the first $15,150.00 of each Class member's allowed WARN Act claim against the Defendants entitled to wage priority claim status under 11 U.S.C. § 507(a)(4) and (5), and any remainder as a general unsecured claim;

e.  A judgment in favor of Plaintiffs and each similarly situated employee whose rights under Cal. Lab. Code §§ 201 and 227.3, for wages owed, including unused vacation, and waiting time penalties;

f.  A judgment in favor of all similarly-situated employees for any unpaid wages and accrued vacation or paid time off benefits, under the laws of the respective states in which they worked prior to their termination on or about July 28, 2023;

g.  An allowed administrative priority claim against Defendant sunder 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and Lab. Code § 1404;

h.  Judgment in favor of each New Jersey Class Member for severance pay equivalent to one week of pay (calculated at their average rate of compensation during the last three years of employment or the final regular rate of compensation, whichever is higher), plus an additional four weeks of mandatory severance pay;

i.  Award pre- and post-judgment interest;

j.  Award reasonable attorneys' fees, costs, and expenses; and

k.  Award any and all additional relief the Court deems appropriate.

THIS, the 13th day of November, 2023.

Respectfully Submitted,

**MORRIS JAMES LLP**

*/s/ Eric J. Monzo*
Eric J. Monzo (DE Bar No. 5214)
Brya M. Keilson (DE Bar No. 4643)
Tara C. Pakrouh (DE Bar No. 6192)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
E-mail: emonzo@morrisjames.com
E-mail: bkeilson@morrisjames.com
E-mail: tapkrouh@morrisjames.com

OF COUNSEL:

Philip C. Hearn, Esq. (MSB # 9366)
HEARN LAW FIRM, PLLC
Post Office Box 5009
Jackson, Mississippi 39296
Telephone: 662-766-7777
E-mail: philiphearn@yahoo.com
E-mail: cass.hearnlaw@gmail.com

*Counsel to Plaintiffs*