**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 CTG |
| | ) | |
| *Debtors.* | ) | (Jointly Administered) |
| | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM G. COUGHLEN, individually and on behalf of all others similarly situated, | ) | Adversary Proceeding |
| | ) | |
| | ) | Case No. 23-50761-CTG |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YELLOW CORPORATION, YRC INC. (d/b/a YRC FREIGHT), USF HOLLAND LLC, NEW PENN MOTOR EXPRESS LLC, YELLOW LOGISTICS, INC. and USF REDDAWAY INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

The above-captioned Defendants, by and through their undersigned counsel, hereby answer

the *Class Action Adversary Proceeding Complaint for (1) Violation of Federal WARN Act 29*

*U.S.C. § 2101 et seq., (2) Breach of Contract, (3) Unjust Enrichment, (4) Declaratory Relief, (5)*

*Violation of California Labor Code § 1400 et seq., (6) Violation of California Labor Code § 201*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

*et seq., (7) Violation of North Carolina Wage and Hour Act §§ 95–25.1 et seq., (8) Violations of New York WARN Act, NYLL § 860 et seq., and (9) Violation of New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act* (the "Complaint") [Dkt.1] filed by the above-captioned Plaintiffs in accordance with the numbered paragraphs thereof as follows.  For the avoidance of doubt, Defendants do not consider the headings, subheadings, and footnotes in Plaintiffs' Complaint to be allegations to which a response is required, but to the extent a response is required, they are denied.  Moreover, for the avoidance of doubt, all allegations not expressly admitted are denied.

### I. PARTIES

1.      Defendants admit that Plaintiff William G. Coughlen was a union employee of Defendant YRC Inc. (d/b/a YRC Freight), but deny that Plaintiff Coughlen was employed by any other Defendant.  Defendants further admit that Plaintiff Coughlen was employed in Mississippi and laid off on or about July 30, 2023.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph as to Plaintiff Coughlen's residence, and as such that is denied.  The remaining allegations are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

2.      Defendants admit that Plaintiff Ian A. Jimenez was a union employee of Defendant USF Reddaway Inc., but deny that Plaintiff Jimenez was employed by any other Defendant. Defendants further admit that Plaintiff Jimenez was employed in California and laid off on or about July 30, 2023.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph as to Plaintiff Jimenez's residence, and as

such that is denied.  The remaining allegations are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

3.      Defendants admit that Plaintiff Brian Dodderer was a union employee of Defendant USF Holland LLC, but deny that Plaintiff Dodderer was employed by any other Defendant. Defendants further admit that Plaintiff Dodderer was employed in North Carolina and laid off on or about July 30, 2023.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph as to Plaintiff Dodderer's residence, and as such that is denied.  The remaining allegations are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

4.      Defendants admit that Plaintiff Eric Larson was a union employee of Defendant YRC Inc. (d/b/a YRC Freight), but deny that Plaintiff Larson was employed by any other Defendant.  Defendants further admit that Plaintiff Larson was employed in New Jersey and laid off on or about July 30, 2023.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph as to Plaintiff Larson's residence, and as such that is denied.  The remaining allegations are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

5.      Defendants admit that Plaintiff Robert Krolczyk was a union employee of Defendant YRC Inc. (d/b/a YRC Freight), but deny that Plaintiff Krolczyk was employed by any other Defendant.  Defendants further admit that Plaintiff Krolczyk was employed in New York and laid off on or about July 30, 2023.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph as to Plaintiff Krolczyk's

residence, and as such that is denied.  The remaining allegations are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

6.      Defendants admit that Plaintiffs Coughlen, Jimenez, Dodderer, Larson, and Krolczyk filed individual proofs of claim in the Debtors' chapter 11 cases.  Defendants further admit that Plaintiff Coughlen filed class proofs of claim in the Debtors' chapter 11 cases. Defendants deny that Plaintiffs Jimenez, Dodderer, Larson, and Krolczyk filed class proofs of claim in the Debtors' chapter 11 cases.  Defendants deny that they are Debtors in chapter 7 cases. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent that a response is deemed required, the allegations are denied.

7.      Defendants admit that named Plaintiffs were notified of their termination on or about July 30, 2023, given the unique and unforeseen circumstances leading to Defendants having to cease operations.  Defendants deny that notice was inadequate under the federal or state WARN Acts or any other law.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed other employees, and as such they are denied.  The remaining allegations in this paragraph are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

8.      Defendants admit the allegations in this paragraph.

9.      Defendants admit the allegations in this paragraph.

10.     Defendants admit the allegations in this paragraph.

11.     Defendants admit the allegations in this paragraph.

12.     Defendants admit the allegations in this paragraph.

13.     Defendants admit the allegations in this paragraph.

## II. VENUE

14.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

15.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

16.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

## III. FACTUAL BACKGROUND

16.     Defendants admit that until July 30, 2023, Defendants operated a less than truckload business ("<u>LTL</u>") with operations throughout the United States in which carriers ship goods from multiple shippers in single trailers.   Defendants admit that until July 30, 2023, Defendants operated 318 terminals, 5 Yellow Logistics Warehouses, and 9 other facilities in the United States.   Defendants further admit that on or about July 28, 2023, Defendants terminated approximately 3,200 non-union employees, most of whom executed release agreements, which waived claims, including under the federal and state WARN Acts, in consideration for severance payments from Defendants.   Defendants further admit that on July 30, 2023, Defendants sent notice to the International Brotherhood of Teamsters ("<u>IBT</u>"), IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees.   Defendants deny the remaining allegations in this paragraph.   The numbering of this paragraph is *sic erat scriptum* (*sic*).

17.     Defendants admit that the named Plaintiffs' last day of employment was on or about July 30, 2023.  Defendants further admit that the named Plaintiffs were notified of their termination on or about July 30, 2023, given the unique and unforeseen circumstances leading to Defendants having to cease operations.  Defendants deny that notice was inadequate under the federal or state WARN Acts or any other law.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed other employees, and as such they are denied.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to "all relevant times," and as such they are denied.

24.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.  The numbering of this paragraph is *sic erat scriptum* (*sic*).

25.     Defendants admit that on or about July 28, 2023, Defendants terminated approximately 3,200 non-union employees, most of whom executed release agreements, which waived claims, including under the federal and state WARN Acts, in consideration for severance payments from Defendants, and that on July 30, 2023, Defendants sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying-off approximately 22,000 union employees.  Defendants further admit that Defendants halted their operations on July 30, 2023.  Defendants deny the remaining allegations in this paragraph.

## IV. CLASS ACTION ALLEGATIONS

26.     Defendants admit only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated former employees pursuant to 29 U.S.C. § 2104(a)(5).

27.     Defendants admit only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated former employees pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure and the WARN Act under 29 U.S.C. § 2101 *et. seq.*, and that this paragraph sets forth the class Plaintiffs allege they intend to certify.  Defendants deny that the class is appropriate and deny that they violated any law.

28.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

29.     Defendants admit that the Defendants' records contain the identities and recent residence addresses of the named Plaintiffs.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed class members, and as such they are denied.

30.     Defendants admit that the Defendants' records include the rate of pay and benefits that were being paid to the named Plaintiffs at the time of their termination.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

31.     The allegations in this paragraph, including all subparts (a) through (d), are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

32.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

33.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

34.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

35.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

36.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

37.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

38.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

39.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

40.     The allegation in this paragraph is a conclusion of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegation is denied.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.  Defendants further deny that they are Debtors in chapter 7 cases.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

### V. VIOLATION OF FEDERAL WARN ACT 29 U.S.C. § 2104 *et seq.*

43.     Defendants incorporate by reference their responses above to paragraphs 1 through 42 as if set forth in full herein.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to "all relevant times," and as such they are denied.

45.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

46.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

47.     Defendants admit that the named Plaintiffs were laid off on or about July 30, 2023, given the unique and unforeseen circumstances leading to Defendants having to cease operations. Defendants deny that notice was inadequate under the federal or state WARN Acts or any other law.  The remaining allegations in this paragraph are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

48.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

49.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

50.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

51.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

52.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

53.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

54.     Defendants deny the allegation that no Plaintiffs or other former employees have been paid anything since they were laid off.

55.     Defendants deny that they are Debtors in chapter 7 cases.  The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

## VI. UNJUST ENRICHMENT

56.     Defendants incorporate by reference their responses above to paragraphs 1 through 55 as if set forth in full herein.

57.     Defendants admit that named Plaintiffs worked for certain Defendants as specified in Paragraph Nos. 1–5.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to why the named Plaintiffs worked for certain of the Defendants and/or as to unnamed class members, and as such they are denied.

58.     The allegations in this paragraph are conclusions of law as to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied. Defendants deny the allegation that no Plaintiffs or other former employees have been paid anything since they were laid off.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to the unnamed class members, and as such they are denied.

59.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

## VII. DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201-02

60.     Defendants incorporate by reference their responses above to paragraphs 1 through 59 as if set forth in full herein.

61.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent that a response is deemed required, the allegations are denied. Defendants deny that they violated the federal WARN Act.  Defendants further deny that they solicited the named Plaintiffs—all of whom are union employees—to sign separation agreements. The release agreements offered to the approximately 3,200 non-union employees who were laid off in consideration for severance payments from Defendants explicitly and unambiguously notified signatories that such release agreements waived claims under the federal and state WARN Acts.

## VIII. VIOLATIONS OF CALIFORNIA LAB. CODE § 1401 (as to the California Class)

62.     Defendants incorporate by reference their responses above to paragraphs 1 through 61 as if set forth in full herein.

63.     Defendants admit only that Plaintiff Jimenez has filed a putative class action on behalf of a class of similarly situated persons pursuant to Lab. Code § 1404 and Federal Rules of Civil Procedure 23(a) and (b).  Defendants deny that the class is appropriate and deny that they violated any law.

64.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

65.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied. Defendants deny that notice was inadequate under the federal or state WARN Acts or any other laws.

66.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

67.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

**IX. VIOLATION OF CALIFORNIA LAB. CODE § 201 *et seq.* (as to the California Class)**

68.     Defendants incorporate by reference their responses above to paragraphs 1 through 67 as if set forth in full herein.

69.     Defendants admit only that Plaintiff Jimenez seeks to recover under California state laws.  Defendants deny that Defendants Coughlen, Dodderer, Larson, and Krolczyk may recover under California state laws.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed class members, and as such they are denied.  Defendants further deny that Defendants violated any California state

laws.  The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

70.    The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied. Defendants deny that they violated California Labor Code § 203.

71.    The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied. Defendants deny that they violated California Labor Code §§ 201 and 227.3.

72.    The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied. Defendants deny that they violated IWC Wage Order 8 or California Labor Code §§ 201, 227.3, and 203.

73.    The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

74.    Defendants admits that Plaintiff Jimenez was an employee of Defendant USF Reddaway, Inc. in California.  Defendants deny that Plaintiffs Coughlen, Dodderer, Larson, and Krolczyk were employed by Defendants in California.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed class members, and as such they are denied.  The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

### X. VIOLATION OF NORTH CAROLINA WAGE LAW: §§ 95-25.1 *et seq.*

76.     Defendants incorporate by reference their responses above to paragraphs 1 through 75 as if set forth in full herein.

77.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.  Defendants deny that they violated the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 et seq.

78.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

79.     Defendants admit that Plaintiff Dodderer worked in Defendant USF Holland LLC's facilities in North Carolina and his last day of employment was on or about July 30, 2023.  Defendants deny that Plaintiffs Coughlen, Jimenez, Larson, and Krolczyk were employed in Defendants' facilities in North Carolina.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed class members, and as such they are denied.  The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.  Defendants deny the allegation that no Plaintiffs or other former employees have been paid anything since they were laid off.

80.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

82.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied. Defendants deny the allegation that no Plaintiffs or other former employees have been paid anything since they were laid off.

83.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied. Defendants deny that they violated N.C. Gen. Stat. § 95-25.1 et seq.

84.     Defendants admit that the named Plaintiffs' last day of employment was on or about July 30, 2023.  The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed other employees, and as such they are denied.

## XI. NEW JERSEY WARN ACT ALLEGATIONS

85.     Defendants incorporate by reference their responses above to paragraphs 1 through 84 as if set forth in full herein.

86.     Defendants only admit that Plaintiff Larson worked in Defendant YRC Inc.'s facilities (d/b/a YRC Freight) in New Jersey and that Plaintiff has filed a putative class action on behalf of himself and a class of similarly situated former employees pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure and the New Jersey WARN Act.  The remaining allegations

in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.  Defendants deny that they violated the New Jersey Millville Dallas Airmotive Plant Job Loss Notifications Act.

87.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

88.     Defendants admit that the Defendants' records contain the identity and recent residence address of Plaintiff Larson.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed class members, and as such they are denied.

89.     Defendants admit that the Defendants' records include the rate of pay and benefits that were being paid to Plaintiff Larson at the time of his termination.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

90.     The allegations in this paragraph, including all subparts (a) through (d), are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

91.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

92.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

93.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

94.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

95.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

## XII. NEW YORK WARN ACT ALLEGATIONS

96.     Defendants incorporate by reference their responses above to paragraphs 1 through 95 as if set forth in full herein.

97.     Defendants admit only that Plaintiff Krolczyk worked in Defendant YRC Inc.'s facilities (d/b/a YRC Freight) in New York and that Plaintiff has filed a putative class action on behalf of himself and a class of similarly situated former employees pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure and the NYLL § 860-G (7).  The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.  Defendants deny that they violated any New York state law.

98.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

99.     Defendants admit that Defendants employed at least 50 employees within New York State prior to on or about July 30, 2023.  Defendants further admit that Defendants laid off at least 25 full-time employees from facilities in New York at or around July 30, 2023.  Defendants deny the remaining allegations in this paragraph.

100.    Defendants admit that the Defendants' records contain the identity and recent residence address of Plaintiff Krolczyk.  Defendants are without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in this paragraph as to unnamed class members, and as such they are denied.

101.    Defendants admit that the Defendants' records include the rate of pay and benefits that were being paid to Plaintiff Krolczyk at the time of his termination.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

102.    The allegations in this paragraph, including all subparts (a) through (d), are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

103.    The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

104.    The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

105.    The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

106.    The allegations in this paragraph are conclusions of law to which no responsive pleading is required.  To the extent a response is deemed required, the allegations are denied.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

## XIII. JURY DEMAND

108.    Defendants admit only that Plaintiffs request a trial by jury.  Defendants deny a trial by jury is appropriate.

Defendants deny the allegations in the WHEREFORE clause and the following paragraphs A–K.

## XIV. AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses, without accepting the burden of proof on any claim or defense where such burden would otherwise be on Plaintiff.

### First Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the unforeseeable business circumstances exception to the WARN Acts.

### Second Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the faltering company exception to the WARN Acts.

### Third Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the liquidating fiduciary exception to the WARN Acts.

### Fourth Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred by the lay offs caused by a labor strike exception to the WARN Acts.

### Fifth Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred in whole or in part by the doctrine of unclean hands, estoppel, or waiver.

<u>Sixth Affirmative Defense</u>

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred in whole or in part by his or her failure to mitigate damages.

<u>Seventh Affirmative Defense</u>

The claims of Plaintiffs and all other persons alleged to be similarly situated are barred because any act or omission by Defendants was in good faith and without intent to deny Plaintiffs or class members rights and Defendants had reasonable grounds for believing it was not in violation of the federal or local WARN Acts.

<u>Eighth Affirmative Defense</u>

This lawsuit should be dismissed because it is procedurally improper and not ripe for the Court's adjudication.

<u>Ninth Affirmative Defense</u>

There is no legal basis for Plaintiffs to recover certain of the damages asserted.

<u>Tenth Affirmative Defense</u>

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred to the extent they signed release agreements that bar such claims.  Thousands of former employees executed release agreements, which waived claims, including under the federal and state WARN Acts, in consideration for severance payments from the Company.

<u>Eleventh Affirmative Defense</u>

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred to the extent they are union members and are covered by the proof of claim filed the union who is acting on their behalf, and for this reason and otherwise are procedurally improper.  Plaintiffs

William Coughlen, Ian A. Jimenez, Brian Dodderer, Eric Larson, and Robert Krolczyk are union members of the International Brotherhood of Teamsters ("IBT") covered by the IBT's proof of claim, thus this action is procedurally improper.

Twelfth Affirmative Defense

The claims under the California WARN Act, Cal. Lab. Code, § 1400 *et. seq*., and Cal. Lab. Code, § 201 *et seq.* are preempted by the federal WARN Act.

Thirteenth Affirmative Defense

The claims under the North Carolina Wage Law, N.C. Gen. Stat. §§ 95-25.1 *et. seq*., are preempted by the federal WARN Act.

Fourteenth Affirmative Defense

The claims under the New Jersey WARN Act, PL. 2007, c.212, C.34:21-2, are preempted by the federal WARN Act.

Fifteenth Affirmative Defense

The claims under the New York WARN Act, NYLL § 860 *et. seq*., are preempted by the federal WARN Act.

Sixteenth Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated may be barred to the extent they are union members and their claims are encompassed by and/or duplicative of the unions' proofs of claim filed in the bankruptcy claims process.

Seventeenth Affirmative Defense

The claims of Plaintiffs and all persons alleged to be similarly situated are barred to the extent they did not file a proof of claim in the bankruptcy claims process prior to the November

13, 2023 bar date. *See Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Bankr. ECF No. 521].

<u>Reservation of Rights</u>

Defendants reserve the right to amend or add additional defenses which may become later known during the course of discovery or pretrial procedures.

WHEREFORE, Defendants respectfully request that:

A.   The Court find for Defendants and against Plaintiffs;

B.   The Court require Plaintiffs and their representatives to reimburse Defendants' costs and attorneys' fees; and

C.   The Court enter such other and further relief as is just and proper.

| | |
|---|---|
| Dated: February 7, 2024<br>Wilmington, Delaware | */s/ Peter J. Keane*<br>Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>Peter J. Keane (DE Bar No. 5503)<br>Edward Corma (DE Bar No. 6718)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone:   (302) 652-4100<br>Facsimile:   (302) 652-4400<br>Email:   ljones@pszjlaw.com<br>   tcairns@pszjlaw.com<br>   pkeane@pszjlaw.com<br>   ecorma@pszjlaw.com<br><br>-and- |

Patrick J. Nash, P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          patrick.nash@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:         allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*