**Exhibit 1**

**Settlement Agreement**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| WILLIAM G. COUGHLEN, individually and on behalf of all others similarly situated, | ) | Adv. Pro. No. 23-50761(CTG) |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| YELLOW CORPORATION, et al., | ) | |
| Defendants. | ) | |

## Settlement and Release Agreement

This Settlement and Release Agreement (the "Settlement Agreement" or "Settlement") is made and entered into as of the 28th day of February, 2025, by and between Plaintiffs William G. Coughlen, Ian A. Jimenez, Brian Dodderer, Eric Larson, and Robert Krolczyk (collectively, the "Plaintiffs" or "Coughlen Parties"), individually and on behalf of the individuals identified in **Exhibit 1** attached hereto, on the one hand, and, on the other hand, the above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "Defendants," and together with the Coughlen parties, the "Parties").

## Recitals

A.  Before shuttering operations, Yellow was a leading trucking and logistics company that provided customers with regional, national, and international shipping services of transportation logistics and LTL services. When it was operating, the Debtors employed approximately 28,500 total employees in the U.S. and Canada, consisting of approximately 23,000 union employees and approximately 5,500 non-union employees.

B.  On August 6, 2023 (the "Petition Date") and continuing into August 7, 2023, each

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

Debtor filed with this Court voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, which are now jointly administered under case number 23-11069 (CTG) (the "Bankruptcy Case").

      C.      Prior to the Petition Date, the Debtors initiated a full scale winddown of their business operations, began clearing the Debtors' freight network, and ceased operations in the U.S. and Canada. Specifically, during the week of July 24, 2023, the Debtors discontinued accepting additional shipments. On July 28, 2023, the Debtors terminated approximately 3,500 employees who executed release agreements in consideration for severance payments from the Company and began sending WARN notices to affected employees. On July 30, 2023, the Company sent notice to the IBT, IAM, OPEIU, and ILA unions that it was laying off approximately 22,000 union employees.

      D.      On November 13, 2023, Plaintiffs filed the *Class Action Adversary Complaint for (1) Violation of Federal WARN Act 29 U.S.C. § 2101, et seq., (2) Breach of Contract, (3) Unjust Enrichment, (4) Declaratory Relief, (5) Violation of California Labor Code § 1400 et seq., (6) Violation of California Labor Code § 201 et seq., (7) Violation of North Carolina Wage and Hour Act §§ 95-25.1 et seq., (8) Violation of New York WARN Act, NYLL § 860 et seq., (9) Violation of New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act* [Docket No. 1] (the "WARN Action"), as amended, against Defendants, as a "single employer," in which they allege that Defendants violated: (a) the Federal WARN Act 29 U.S.C. § 2104 *et seq.* (the "WARN Act"); (b) the California Labor Code § 1401 (the "California WARN Act") and § 201 *et seq.*; (c) N.C. Gen. Stat. § 95-25.1 *et seq.* (the "North Carolina Wage and Hour Act"); (d) the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 (the "New Jersey WARN Act"); and (e) NYLL § 860 *et seq.* (the "New York WARN Act," and together with the WARN Act, the California WARN Act, the New Jersey WARN Act, and the New York WARN Act, the "WARN Acts"). Plaintiffs also assert claims based on breach of contract and unjust enrichment. Plaintiffs seek declaratory judgment relief, damages under the WARN Acts, and attorneys' fees and costs.

      E.      On February 7, 2024, the Debtors filed the *Defendants' Answer to Plaintiffs' Class Action Adversary Proceeding Complaint* [Docket No. 4] (the "Answer"). In the Answer, the Debtors deny any violation of the WARN Acts and that notice was inadequate under the WARN Act or any other law. Defendants assert various affirmative defenses and exceptions to the WARN Act, including unforeseeable business circumstances, the faltering company exception, the liquidating fiduciary exception, and the labor strike exception. Defendants assert that they acted in good faith at all times and any WARN damages should be reduced accordingly. Defendants also assert that more than 3,200 employees signed a release of claims in exchange for severance.

      F.      Prior to the Claims Bar Date, the Coughlen Parties filed proofs of claims in these chapter 11 cases for alleged violations of the WARN Acts (the "Coughlen Claims"). The Coughlen Parties filed a total of 492 proofs of claim, including class proofs of claim, for the Union opt-outs, against each of the Debtors. *Brief in Support of Coughlen Claimants' Motion for Partial Summary Judgment.*

G. On March 12, 2023, the Debtors filed the *Third Omnibus (Substantive) Objection to Proofs of Claim for WARN Liability* [Docket No. 2576], the *Fourth Omnibus (Substantive) Objection to Proofs of Claim for WARN Liability* [Docket No. 2577], and the *Fifth Omnibus (Substantive) Objection to Proofs of Claim for WARN Liability* [Docket No. 2578], objecting to, among other claims, the Coughlen Claims.

H. On April 26, 2024, the Court entered the *Scheduling Order* [Docket No. 22], setting forth discovery and dispositive-motion deadlines. Following this, the Parties engaged in written discovery, voluminous document productions, and depositions.

I. On April 26, 2024, the Court entered the *Scheduling Order* [Docket No. 3186], setting the schedule of proceedings for the approximately 1300 proofs of claim and two Adversary Proceedings alleging theories of liability under state and federal WARN acts filed in these chapter 11 cases.

J. On June 28, 2024, the Parties stipulated to the appointment of Mark Indelicato, as mediator. *Stipulation Regarding Appointment of Mediator* [Docket No. 75].

K. Plaintiffs and the other Parties cross-moved for summary judgment.

L. On November 18, 2024, the Parties attended a mediation but were unable to resolve the matter. *Mediation Status Report* [Docket No. 142].

M. On December 19, 2024, the Court issued the *Memorandum Opinion* [Docket No. 180], granting in part and denying in part each of the parties' motions. The Court found that the Debtors substantively qualify for the unforeseeable business circumstances and faltering company defenses, but that due to the deficiencies in the notices, the Debtors are precluded from invoking the unforeseeable business circumstances and faltering company defenses. The Court also found that the Debtors were an employer on July 28, 2023 when the non-union employees were laid off, but that the Debtors were no longer an employer within the meaning of the WARN Act after they had delivered their final shipment. The Court further found that waivers of claims would be valid and enforceable based on a totality of circumstance analysis so long as there was sufficient consideration.

N. The issues left open for trial, which commenced January 21, 2025, were (a) whether the Debtors were an employer under the WARN Act on July 30, 2023 (when the union layoffs occurred based on the timing of the last delivery), (b) whether there was consideration for the releases provided to the Debtors, and (c) whether the Debtors' conduct warrants a reduction of damages based on the Court's discretion under the good faith defense. The Plaintiffs had the burden of proof on some of these issues and the Defendants had the burden on others. The Parties continued working with the mediator through January 2025.

O. The Parties acknowledge the risks and delays inherent in litigation.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

3

**Settlement**

1. Incorporation of Recitals. The foregoing recitals are hereby incorporated herein by this reference as though fully set forth at this place.

2. Joint Motion. The Parties have prepared, and the Debtors shall file a *Joint Motion Pursuant to 11 U.S.C. § and Fed. R. Bankr. P. 9019 (I) Approving the Settlement Pursuant to Fed. R. Bankr. P. 9019 and (II) Granting Related Relief* (the "Joint Motion") no later than two (2) business days following the date that is the earlier of (a) the date on which the Bankruptcy Court determines the Debtors' liability, if any, on account of the WARN Claims asserted on behalf of the members of the Unions (the "Union Claims") and (b) the announcement of a settlement of the Union Claims. The Parties agree to cooperate and support the relief requested within the Joint Motion until the Court enters a Settlement Order (as defined below).

3. Settlement Payment. The Debtors shall pay to an administrator of the Coughlen Parties' counsel's choice (the "Administrator") $3,550,000.00 (the "Settlement Payment") in full and final satisfaction of the WARN Claims, the Coughlen PTO Claims, and any related distribution costs on the date that is the earlier of (a) the Plan Effective Date (*provided* that the Settlement Order (as defined herein) has been entered) and (b) sixty (60) days following entry of the Settlement Order (as defined herein). At least three (3) business days' prior to making the Settlement Payment, the Coughlen Parties shall provide to the Debtors and the Committee confirmation that the Coughlen Parties have accepted the Settlement through confirmation of William G. Coughlen, as lead Plaintiff on behalf of the Coughlen parties. In the event the Coughlen Parties fail to provide confirmation that the Coughlen Parties have accepted the Settlement, the Settlement Agreement shall be void.

4. WARN/PTO Claims. Each of the Coughlen Parties who has filed a proof of claim in these chapter 11 cases on account of WARN liability (the "WARN Claimants" and the "WARN Claims") shall have an Allowed Other Priority Claim under 11 U.S.C. § 507(a)(4) which shall be paid in full and final satisfaction on account thereof from the Settlement Payment. Certain of the Coughlen Parties filed proofs of claim in these chapter 11 cases on account of the North Carolina Wage and Hour Act (the "NCWHA Claims"), the California Labor Code (the "CLC Claims"), and generally under a theory of unjust enrichment for failure to be timely paid their salary, benefits, and related compensation (together with the NCWHA and CLC Claims, the "Coughlen PTO Claims"). The Coughlen PTO Claims (as further described in the "PTO Dollars to be Paid" column of the spreadsheet attached as **Exhibit 2** hereto) shall be Allowed as a priority claim pursuant to 11 U.S.C. § 507(a)(4) which shall be paid in full and final satisfaction on account thereof from the Settlement Payment (as defined below).

5. Settlement Distribution. The Administrator shall handle the distributions to the Coughlen Parties. The Administrator shall be responsible for handling all aspects of the administration of the distribution of the Settlement Payment, including, but not limited to the following: (a) the formation of a qualified settlement fund (the "Qualified Settlement Fund") as authorized by Treasury Regulation 1.486B-1(c) to accept, distribute, and otherwise administer the Settlement, including wiring attorneys' fees and expenses to Coughlen Counsel, according to such wiring instructions that Coughlen Counsel will provide to the Administrator; (b) the preparation and mailing of settlement checks to each Plaintiff; (c) the preparation and mailing of

4

all 1099 Forms; and (d) the processing of returned settlement checks as undeliverable, including re-mailing to forwarding addresses and tracing of current addresses. The Plaintiffs' settlement distributions shall be included under each Plaintiff's name and social security number on an IRS 1099 Form to be distributed by the Administrator. The Coughlen Counsel's Fees and Coughlen Counsel's Expenses shall be reflected on IRS Form 1099s to be distributed by the Administrator. By accepting his or her portion of the Settlement Payment, each Plaintiff agrees that he or she will be solely responsible for any and all tax liabilities stemming from the payment of his or her claim under the Settlement Agreement.

6. <u>Administration of Settlement Payment</u>. The Administrator shall take on the sole responsibility of administering and distributing the Settlement Payment to the Coughlen Parties, in its sole discretion, and any and all claims relating thereto shall be directed to the Administrator. Coughlen Counsel shall be deemed withdrawn from the WARN Action upon final order relating to the Joint Motion, payment of Counsel Fees, and dismissal of the adversary proceeding.

7. <u>No Admission of Liability</u>. The Settlement Agreement has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein. Further, nothing herein shall be an admission of fact or liability.

8. <u>Mutual Releases</u>. Except for the rights arising out of, provided for, or reserved in the Agreement, upon the payment of the Settlement Amount to the Administrator, the Coughlen Parties, for and on behalf of themselves, and their respective predecessors, successors, assigns, affiliates and subsidiaries (collectively, the "<u>Releasing Parties</u>"), will fully and forever release and discharge the Defendants, their current and former directors, parents, subsidiaries, partners, members, lenders, accountants, attorneys, representatives, and all other agents, and all of their respective predecessors, successors and assigns (collectively, the "<u>Released Parties</u>"), of and from any and all claims, obligations, demands, rights, debts, liabilities, liens, actions and causes of action, costs, expenses, attorneys' fees and damages of whatever kind or nature, character, and description, whether in law or in equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law, whether known or unknown, and whether anticipated or unanticipated, suspected or disclosed, which the Releasing Parties may now or hereafter may have against the Released Parties (collectively, the "<u>Released Claims</u>"). Conversely, upon entry of the Final Settlement Order approving this Settlement on a final basis, the Released Parties shall fully and forever release, discharge and waive any and all rights to assert any claims against Coughlen Parties arising under the Bankruptcy Code or any other applicable law (the "<u>Released Parties' Released Claims</u>").

9. <u>Court Approval and Payment of the Settlement Payment Operates as a Release of the Released Claims</u>. Approval of this Settlement Agreement by the Court and payment of the Settlement Payment to Coughlen Counsel, shall operate as a release of the Released Claims by the Releasing Parties against the Released Parties. Upon entry of the Settlement Order and payment of the Settlement Payment in accordance with the Settlement, all of the Released Claims are deemed settled, released and dismissed in their entirety, on the merits, with prejudice. The Parties shall request the Court to enter a Settlement Order to that effect in the form attached

to the Joint Motion as <u>Exhibit A</u>, or in substantially similar form acceptable to the Parties (the "<u>Settlement Order</u>").

10. <u>Coughlen Counsel Fees</u>: The Debtors shall pay Morris James LLP, as Coughlen Counsel $1,750,000.00 in attorneys' fees and $60,000.00 in attorneys' expenses (the "<u>Counsel Fees</u>") in full and final satisfaction of Counsel Fees related to the settlement of WARN Claims and Coughlen PTO Claims incurred as of the date of the Settlement Order on the date that is the earlier of (a) the Plan Effective Date (*provided* that the Settlement Order (as defined herein) has been entered) and (b) sixty (60) days following entry of the Settlement Order (as defined herein).

11. <u>Plan Support</u>. The Coughlen Parties shall support and, if applicable, vote in favor of confirmation of the Plan. For the avoidance of doubt, the Coughlen Parties shall not object to the Plan, or, if applicable, shall withdraw any objection to the Plan, and shall opt into the release provisions in the Plan. However, as set forth herein, upon entry of the Settlement Order, the Released Parties' Released Claims shall be deemed released and waived, rendering any contrary provision of the Plan concerning retained causes of action for any claims against the Coughlen Parties (including, without limitation, preference claims, avoidance actions, fraudulent conveyance claims) moot. Debtors agree to announce this specifically, on the record, to the Court, as part of the description of the Settlement prior to the start of the WARN Litigation Trial on January 21, 2025, as well as at the Confirmation Hearing.

12. <u>Initial Confidentiality</u>. The terms of this Settlement shall be confidential and shall not be disclosed, except as required by law or by mutual agreement of the Debtors and the Coughlen Parties, and shall be inadmissible in any litigation; *provided* that the Debtors may inform the Bankruptcy Court of the existence of the Settlement Agreement, resolution of the WARN Action, and dismissal of the Coughlen Claims from the WARN Litigation Trial *provided*, *further*, that the Debtors shall not inform the Bankruptcy Court of the amount of the Settlement Payment. The amount of the Settlement Payment shall remain confidential until the Debtors file the Joint Motion.

13. <u>Authority to Enter into Settlement Agreement</u>. Any person signing this Settlement Agreement on behalf of an entity, represents and warrants that, upon final Court approval, the person has the legal capacity and authority to enter into this Settlement Agreement and bind such entity in accordance with the terms of this Settlement Agreement.

14. <u>Integration</u>. This Settlement Agreement constitutes the entire agreement between the Parties related to the settlement of the WARN Action and shall be deemed to be a full, final and completed integration of all prior or contemporaneous understandings or agreements between the Parties related thereto.

15. <u>Amendments</u>. This Settlement Agreement may be amended or supplemented only by a written instrument signed by all Parties, and, if required, by approval of the Court.

16. <u>Counterparts</u>. This Settlement Agreement may be executed in any number of identical counterparts, each of which shall be considered an original, but together shall constitute but one and the same agreement. Facsimile signatures or signatures transmitted by email or other electronic means shall be sufficient to bind the Parties.

17. <u>Dispute Resolution</u>. Any dispute arising out of, or related to this Settlement Agreement shall be decided by the Court.

18. <u>Governing Law</u>. This Settlement Agreement shall be governed by and all disputes related hereto shall be determined in accordance with the laws of the State of Delaware.

19. <u>Jury Waiver</u>. Each Party hereby expressly waives trial by jury in any action, proceeding or counterclaim brought by any of the Parties against the other and any rights to a trial by jury under any statute, rule of law or public policy in connection with any matter whatsoever arising out of or in any way relating to this Settlement Agreement. Each Party recognizes its interest in obtaining a speedier and less costly hearing of any dispute.

20. <u>Construction</u>. The Parties have participated jointly in the negotiation and drafting of this Settlement Agreement. In the event an ambiguity or question of intent or interpretation arises, this Settlement Agreement shall be construed according to its plain meaning as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of authorship or any provision of this Settlement Agreement

21. <u>Captions</u>. The captions or section headings are for convenience and ease of reference only and shall not be construed to limit, modify or alter the terms of this Settlement Agreement.

22. <u>Severance</u>. If any provision of this Settlement Agreement is held to be illegal or invalid by a court of competent jurisdiction, such provision shall be deemed to be severed and deleted. Neither such provision, nor its severance and deletion, shall affect the validity of the remaining provisions of this Settlement Agreement.

23. <u>Successors</u>. This Settlement Agreement shall be binding upon the Parties, their respective heirs, administrators, personal representatives, successors and assigns.

24. <u>Residual Funds</u>. The Debtors shall not receive any reversion of any portion of the Settlement Payment. Any settlement distributions which are not cashed or deposited within one hundred eighty (180) days of their date of issuance shall be deemed residual funds (the "<u>Residual Funds</u>") on the 181st day following the settlement distribution and treated as follows. Residual Funds may be (i) first, used to make distributions to additional Coughlen Parties, if any, that may be identified no later than 180 days after Coughlen Counsel has made distribution of the Settlement Payment who fall within the Coughlen Parties definition herein but who did not appear on the list of Coughlen Parties attached hereto as **Exhibit 1** ("<u>Additional Coughlen Parties</u>"), and (ii) secondly, used in a supplemental distribution to Coughlen Parties who cashed their distributions, so long as Coughlen Counsel determines that such a distribution is feasible. The Parties agree that if any Residual Funds remain after a supplemental distribution, if any, then last, the Residual Funds shall be donated to the Impact Fund, a non-profit organization dedicated to employee rights.

25. <u>Third-Party Beneficiaries</u>. This Settlement Agreement is for the benefit of the Parties themselves, along with any heirs, executors or attorneys in fact, and not for the benefit of

any third parties, including commercial third parties who purport to obtain claims of the Coughlen Parties through assignment, transfer or otherwise. Absent an order from the Bankruptcy Court, Coughlen Counsel or the Defendants, shall be under no obligation to distribute payments from the Settlement Payment or otherwise.

*[Signatures Follow]*

**Signature Page for WARN Act Settlement Agreement**

    IN WITNESS WHEREOF, the Parties have executed this Agreement as of February 28th, 2025.

**On behalf of the Coughlen Parties:**

MORRIS JAMES LLP

*/s/ Eric J. Monzo*
Eric J. Monzo
Brya M. Keilson
Tara C. Pakrouh

-and-

HEARN LAW FIRM, PLLC

*/s/ Philip C. Hearn*
Philip C. Hearn


**AND**


**On behalf of the Debtors:**

KIRKLAND & ELLIS LLP

*/s/ Allyson B. Smith*
Allyson B. Smith

## Exhibit 1

**List of Coughlen Parties**

**[Individuals – Redacted]**

**Exhibit 2**

**PTO Claims Spreadsheet**

**[Individuals – Redacted]**